**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| JOSEPH HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:17-CV-51 |
| | ) | |
| GREGORY WOLF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a complaint filed by Joseph Harris, a *pro se* prisoner, on February 6, 2017 [ECF 1]. For the reasons set forth below, this case is **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

Joseph Harris, a *pro se* prisoner, filed this case pursuant to 42 U.S.C. § 1983 against the Defendants, Sgt. Gregory Wolf of the Gary Police Department and Antonio Reeves. Harris alleges that the defendants have been harassing him in an attempt to get him to join their street gang since 2006. On July 23, 2016, he was confronted by Reeves. Reeves had a gun in his possession and "pistol whip[ped]" Harris. During the altercation, the gun fell and Harris recovered the firearm and shot Reeves. [ECF 1 at 3, 4.] Sgt. Wolf then arrested Harris and he was eventually charged for shooting Reeves. Harris brings suit against both Sgt. Wolf and Antonio Reeves for false imprisonment and also brings a claim for intentional infliction of emotional distress. That criminal charge

appears to be currently pending against Harris in the Lake County criminal court system.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Harris alleges that the defendants[1] worked together to have him falsely imprisoned for shooting Reeves. Harris has been charged, but not yet convicted, of that crime. Thus, Harris's federal false imprisonment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

It should be noted that we have not limited the

---

[1] In addition, it does not appear as though Harris could bring a constitutional claim against Antonio Reeves. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, while Sgt. Wolf is an officer with the Gary Police Department, there is no indication that Reeves is a state actor. If Reeves is not a state actor, he cannot be sued for constitutional violations. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

2

> application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001). Here, prevailing in this case would be inconsistent with Harris' potential conviction in his criminal case. Therefore, this claim must be dismissed. If at some time in the future, the criminal charges for shooting Reeves (and any other charges to which this exculpatory evidence might apply) are dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus", *Heck*, 512 U.S. at 486-7, then Harris may file a new lawsuit reasserting those claims.

With the federal claims dismissed, the court turns its attention to Harris' state law claims for intentional infliction of emotional distress. This opinion does not purport to adjudicate any such claims. Instead, the Court will dismiss these claims without prejudice should Harris wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the

> application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.

*Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001). Here, prevailing in this case would be inconsistent with Harris' potential conviction in his criminal case. Therefore, this claim must be dismissed. If at some time in the future, the criminal charges for shooting Reeves (and any other charges to which this exculpatory evidence might apply) are dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus", *Heck*, 512 U.S. at 486-7, then Harris may file a new lawsuit reasserting those claims.

With the federal claims dismissed, the court turns its attention to Harris' state law claims for intentional infliction of emotional distress. This opinion does not purport to adjudicate any such claims. Instead, the Court will dismiss these claims without prejudice should Harris wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the

wisdom of pursuing this course or the merit of any potential claim he may have.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE**.

**DATED: August 8, 2017**               **/s/ RUDY LOZANO, Judge**
                                        **United States District Court**